**Francis E. YOUNG, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–1039.

United States Court of Veterans Appeals.

Argued April 3, 1996.

Decided May 14, 1996.

Ronald L. Smith, Washington, DC, for appellant.

John D. McNamee, with whom Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; and Thomas McLaughlin, Deputy Assistant General Counsel, were on the brief, Washington, DC, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

IVERS, Judge:

The appellant appeals an October 31, 1994, decision of the Board of Veterans' Appeals (BVA or Board) denying him status as a former prisoner of war (POW) as defined by 38 U.S.C. § 101(32), and 38 C.F.R. § 3.1(y) (1995). *Francis E. Young,* BVA 94–18535 (Oct. 31, 1994). The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court affirms the October 1994 decision of the BVA.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Army from October 27, 1942, to November 14, 1945, and from October 10, 1950, to July 5, 1952. Record (R.) at 26, 51. During the appellant's first enlistment (World War II), he served as a flight engineer with a B–24 bomber crew. R. at 26. On June 20, 1944, the appellant was aboard a B–24 aircraft when enemy fire struck the bomber, causing it to make an emergency landing in Sweden, a neutral country during the war. *Id.*

The Swedish army interned the appellant in a Swedish prison camp for approximately two and a half months before transferring him to a military base. R. at 321. He was ultimately returned to his unit in March 1945. R. at 67. Medical records from the appellant's separation examination show that he had "weak ankles aggravated by military service" but no other serious disabilities. R. at 29–30. The appellant filed for disability benefits in December 1945. R. at 34–35. After a review of the appellant's application, VA denied him benefits for service-connected disabilities because VA regulations did not permit granting benefits to service members held by a neutral country.

On December 5, 1988, the appellant again filed a claim with VA seeking service connection for several disabilities, including bilateral weak ankles, nervousness, residuals of frostbite on both feet, and hearing loss. R. at 145. The appellant based his claim upon the unlimited presumptive period for former POWs provided under 38 U.S.C. § 1112(b).

On November 28, 1990, the Board denied the appellant status as a POW, finding that "the internment by the Swedish government during the initial 2½ months is not shown to have been sufficiently severe as to be comparable to detainment by an enemy government." R. at 329–33. The appellant filed an appeal with this Court.

On January 25, 1993, the Court remanded the case for further adjudication because the Board had failed to provide adequate reasons and bases for its finding that the appellant's hardships were not comparable to those suffered by POWs interned by enemy governments. *Young v. Brown*, 4 Vet.App. 106,

109–10 (1993). On remand, the Board reopened the record and solicited a letter from Paul M. Cole, Ph.D, an expert on Swedish military history. R. at 414–16. In the letter, Dr. Cole advised that the conditions in the Swedish camps were "by every measure superior to the best German POW camps. Suggestions that Swedish camps were similar to German POW camps are inconsistent with the facts." R. at 411.

On September 15, 1994, the Legislative Director of the Disabled American Veterans (DAV) wrote a letter to the Board on the appellant's behalf, criticizing the BVA for soliciting the letter and for its contents. R. at 427–31. The BVA weighed the evidence presented and again denied the appellant status as a former POW. *Young*, BVA 94–18535 (Oct. 31, 1994). In its decision, the Board relied upon Dr. Cole's conclusion that experiences of soldiers in Swedish camps were not comparable to those shared by soldiers held in enemy camps. R. at 12. The appellant again appealed the Board's decision to this Court. The Court heard oral argument on April 3, 1996.

## II. ANALYSIS

### A. Standard of Review

■ The appellant argues that his two and a half month internment in a Swedish prison camp entitles him to POW status as defined by 38 U.S.C. § 101(32). The code provision states:

> The term "former prisoner of war" means a person who, while serving in the active military, naval, or air service, was forcibly detained in the line of duty—
>
> (A) by an enemy government or its agents, or a hostile force, during a period of war; or
>
> (B) by a foreign government or its agents, or a hostile force, under circumstances *which the Secretary finds* to have been comparable to the circumstances under which persons have generally been forcibly detained or interned by enemy governments during periods of war.

38 U.S.C. § 101(32)(A)-(B)(emphasis added). The appellant contends that his captivity ex-

perience was comparable to the hardships experienced by POWs held by enemy governments during World War II. The statute gives the Secretary the discretion to make a determination of POW status under 38 U.S.C. § 101(32)(B). That determination may be reviewed by this Court and set aside if the conclusion is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 38 U.S.C. § 7261(a)(3)(A); *Young*, 4 Vet.App. at 108.

In *Manibog v. Brown*, 8 Vet.App. 465 (1996), this Court held that although POW status is a legal determination, " 'it fall[s] so clearly within the area of the BVA's expertise [for fact finding] that deference to that expertise requires that the conclusion be characterized as factual.'" *Manibog*, 8 Vet. App. at 468 (quoting *Bagby v. Derwinski*, 1 Vet.App. 225, 227 (1991)). In the *Manibog* decision, the Court treated POW status as a factual determination and applied a "clearly erroneous" standard of review rather than the "arbitrary and capricious" standard acknowledged in *Young*. *Manibog*, 8 Vet.App. at 468.

The *Manibog* case, however, is distinguishable from this case. In *Manibog*, the appellant argued that he had been held by the Japanese, an *enemy* government during World War II. Under this salient fact, section 101(32)(A) applied. Section 101(32)(A) contains no discretionary language. Under the provision, a veteran either is found to have been held by an enemy government during a period of war or not.

 Under the facts in the instant case, the appellant was held by a *foreign* government, and section 101(32)(B) applies, thereby affording the Secretary discretion to find the circumstances comparable to those under section 101(32)(A). Thus the Court must apply the "arbitrary and capricious" standard of review as prescribed by 38 U.S.C. § 7261(a)(3)(A). The Court affirms a BVA determination under this standard that is "premised upon a rational basis and supported by appropriate and relevant factors which [are] properly articulated." *Gilbert v. Derwinski*, 1 Vet.App. 49, 58 (1990).

## B. Application to the Facts

Pursuant to section 101(32)(B), the Secretary has promulgated the following regulation regarding "prisoner of war" status:

*Circumstances of detention or internment.* To be considered a former prisoner of war, a serviceperson must have been forcibly detained or interned under circumstances comparable to those under which persons generally have been forcibly detained or interned by enemy governments during periods of war. Such circumstances include, but are not limited to, physical hardships or abuse, psychological hardships or abuse, malnutrition, and unsanitary conditions. Each individual member of a particular group of detainees or internees shall, in the absence of evidence to the contrary, be considered to have experienced the same circumstances as those experienced by the group.

38 C.F.R. § 3.1(y)(2)(i) (1995). This regulation provides a basis for evaluating POW status which focuses on the *kinds* of hardships experienced by the veteran during internment. *Young*, 4 Vet.App. at 109. If the Secretary finds that the kinds of hardships experienced by the appellant are *comparable* to those experienced by POWs held in enemy camps, the appellant will be afforded POW status.

In the prior *Young* decision, the Court held that the appellant produced sufficient evidence to show that he suffered the same kinds of hardships (i.e. malnutrition, psychological and physical abuse, etc.) as those experienced by POWs. *Young*, 4 Vet.App. at 109. The issue that remained undecided in the case was whether the circumstances under which the kinds of hardships existed were *comparable* to those experienced by POWs held in enemy camps. The Court remanded the case for VA to readjudicate the matter and address the comparability question. In the decision, the Court stated that on remand "[t]he Secretary is free to consider evidence, other than the appellant's testimony, relevant to treatment of internees by Sweden during the year before Germany's surrender." *Id.* at 110.

Pursuant to remand, the BVA solicited the opinion of Dr. Cole. R. at 410–11. As ob-

served above, Dr. Cole explained that the Swedish camps were not comparable to those of enemy camps. R. at 411. Dr. Cole stated that "[t]he food, quarters, and conditions in the Swedish camps were by every measure superior to the best German POW camps." *Id.* Since the opinion compared conditions between the prison camps, BVA based its denial upon this expert opinion. R. at 11–12. Absent the production of any expert evidence by the appellant comparing his circumstances to those experienced by POWs in enemy prison camps, Dr. Cole's testimony was unrebutted.

The appellant argues that Dr. Cole's letter makes only a general statement about camp conditions and fails to address whether *his* internment experience was comparable to that of others who were held in enemy camps. Appellant's Brief (Br.) at 13–15. The BVA acknowledged, in its final decision, that Dr. Cole's letter lacked a specific reference to the appellant's experience. R. at 11. However in response, the Board quoted 38 C.F.R. § 3.1, which provides that "[e]ach individual member of a particular group of detainees or internees shall, in the absence of evidence to the contrary, be considered to have experienced the same circumstances as those experienced by the group." 38 C.F.R. § 3.1(y)(2)(i). In applying this regulation, the BVA reasoned that unless the appellant could show that his experience differed from that of other typical Swedish internees, it could conclude that the appellant's circumstances were similar to those described by Dr. Cole's expert testimony.

The Court does not question the unpleasant circumstances of the appellant's internment or the fact that he suffered psychological and physical hardships. However, the statutes and VA regulations make "comparability" the standard, and under these guidelines, the Secretary has discretion to determine whether the conditions described in the record are comparable to those experienced by POWs of enemy governments. In this appeal, the Board found that the experiences were not comparable. The Court holds that the BVA had a rational basis for denying the appellant POW status in this case.

## III. CONCLUSION

Accordingly, the Court AFFIRMS the October 31, 1994, BVA decision.