RICH, Circuit Judge.
 

 Francis E. Young (Young) appeals from the May 14, 1996 decision of the United States Court of Veterans Appeals (CVA), affirming the decision of the Board of Veterans’ Appeals (Board) denying Young status as a former prisoner of war (POW) as defined by 38 U.S.C. § 101(32) (1994), and 38 C.F.R. § 3.1(y) (1996).
 
 Young v. Brown,
 
 9 Vet.App. 141 (1996). We affirm the decision of the CVA.
 

 Background
 

 Young served on active duty in the United States Army from October 27, 1942, to November 14, 1945, and from October 10, 1950, to July 5,1952. During his first tour of duty, while Young was serving as a flight engineer with a B-24 bomber crew, his plane was hit by flak and forced to land in neutral Sweden. Swedish soldiers detained Young for two and a half months, from June to September, 1944, in a Swedish prison camp. Young testified in a hearing before the Board that he was detained in inadequately heated barracks where he had to sleep on a straw mattress with only one plaid blanket and where his food was inadequate, consisting mainly of blood pudding, rice pudding, and coffee made from wood with no sugar. Also, guards were placed around the perimeter and Young was not allowed to have contact with anyone outside of the camp.
 

 After two and a half months, Young was transferred to a Swedish Air Base where his treatment improved, and he was allowed to purchase clothing, to leave on weekend passes, and he was fed well. Young claims that as a result of his forced detention in the prison camp where the food was very poor and there was inadequate heat and sanitation, he lost twenty pounds and was treated for bleeding gums because he lacked vitamin C in his diet. Young also testified that while he was not physically mistreated, he suffered psychological stress due to lack of freedom and lack of contact with the outside world. The CVA found that upon separation from the military his examination showed “weak ankles aggravated by military service,” but no other serious disability.
 

 On December 5, 1988, Young refiled a claim for disability benefits based on a presumed service connection for disabilities suffered by a POW as defined by the provisions of the recently passed Veterans’ Benefits and Services Act of 1988, Pub.L. No. 100-322, § 311, 102 Stat. 487, 534, codified at 38 U.S.C. § 101(32) (1994). Under such presumption, a former POW is not required to prove that the condition of which he complains arose during service.
 
 See
 
 38 U.S.C. § 1112(b) (1994); 38 C.F.R. §§ 3.307(a)(5) and 3.309(c) (1995). Although Young claimed no illnesses or diseases as a result of his internment, he claimed that the following conditions were related to his detention experiences: bilateral weak ankles, hiatal hernia, diabetes mellitus, nervousness, frostbite of both feet, an injury to his forehead upon landing in Sweden, hearing loss, and impotency.
 

 By an administrative decision approved on December 19, 1989, the U.S. Department of Veterans Affairs held that Young’s experi
 
 *664
 
 ence in the Swedish prison camp for two and a half months was not commensurate with treatment of POW’s interned in camps of enemy governments. Young appealed this decision to the Board, but the Board affirmed the administrative decision on November 28, 1990, concluding that Young’s treatment during his two and a half month internment was not sufficiently severe to be comparable to detainment by an enemy government. On appeal to the CVA, the Board’s decision was vacated and the ease was remanded to the Board. The CVA held that the Board had not provided adequate reasons to support its determination that the hardships Young suffered while in the Swedish prison camp were not comparable to those interned by enemy nations.
 

 In making this decision to remand the case, the CVA made the following statements concerning the regulation at issue, 38 C.F.R. § 3.1(y)(2):
 

 Thus, the veteran argues that this regulation established objective criteria based on the
 
 kinds
 
 of hardship suffered, not the
 
 degree
 
 of hardships suffered. We agree because it is undisputed that the veteran, during his first internment, did suffer hardships comparable to those suffered by P.O.W. captives of enemy governments: (1) psychological hardship based upon no communication with outside world, (2) malnourishment, and (3) physical hardship based on inadequate heating and sleeping accommodations____
 

 The Secretary has promulgated 38 C.F.R. § 3.1(y)(2) as a means of establishing objective criteria by which to evaluate claims for P.O.W. status. Once a regulation has been adopted, neither the Secretary nor his subordinates can choose to ignore it....
 

 Section 3.1(y)(2)(i) of title 38 of the Code of Federal Regulations establishes objective criteria, specifically the
 
 kinds
 
 of hardships that a veteran interned by a foreign government must demonstrate before the Secretary may grant P.O.W. status. The regulation does
 
 not
 
 limit the awarding of P.O.W. status by the Secretary to the specific hardships listed. The veteran has presented undisputed evidence, albeit his own testimony, that he did suffer the specific kinds of hardship spelled out in the regulation, to include physical hardship and psychological abuse. The [Board], however, has ignored 38 C.F.R. § 3.1(y)(2); nowhere in the decision is the regulation even cited, let alone considered.
 

 Young v. Brown, 4
 
 Vet.App. 106, 109 (1993) (citations omitted).
 

 On remand, the Board took additional evidence from Dr. Paul M. Cole, an expert on Swedish military history. Dr. Cole stated that “[t]he food, quarters and conditions in the Swedish camps were by every measure superior to the best German POW camps. Suggestions that the Swedish camps were similar to German POW camps are inconsistent with the facts.” In utilizing Dr. Cole’s testimony concerning Young’s status as a POW, the Board applied the presumption from 38 C.F.R. § 3.1(y)(2)(i) that, in the absence of evidence to the contrary, each individual from a particular group is considered to have experienced the same circumstances as those of the remaining part of the group. When weighed against the evidence from Dr. Cole, the Board found that Young’s testimony was of insufficient probative value to conclude that his internment in Sweden was under comparable circumstances to those faced by prisoners of war held by enemy governments such as Germany. Therefore, the Board held that Young had not met the criteria for establishing former POW status under 38 U.S.C. § 101(32) and 38 C.F.R. § 3.1(y).
 

 Young appealed this decision to the CVA which reviewed the decision under an arbitrary and capricious standard.
 
 Young v. Brown,
 
 9 Vet.App. 141, 143 (1996). The CVA affirmed the Board, finding that:
 

 The Court does not question the unpleasant circumstances of the appellant’s internment or the fact that he suffered psychological and physical hardships. However, the statutes and VA regulations make “comparability” the standard, and under these guidelines, the Secretary has discretion to determine whether the conditions described in the record are comparable to those experienced by POWs of ene
 
 *665
 
 my governments. In this appeal, the Board found that the experiences were not comparable. The Court holds that the [Board] had a rational basis for denying the appellant POW status in this case.
 

 Young,
 
 9 Vet.App. at 144. From this decision, Young appeals to us.
 

 Discussion
 

 POW status for those held by foreign governments is defined under 38 U.S.C. § 101(32)(B) as follows:
 

 The term “former prisoner of war” means a person who, while serving in the active military, naval or air service, was forcibly detained or interned in the line of duty—
 

 (B) by a foreign government or its agents, or a hostile force, under circumstances which the Secretary finds to have been comparable to the circumstances under which persons have generally been forcibly detained or interned by enemy governments during periods of war.
 

 Pursuant to this section, the Secretary has promulgated a regulation, 38 C.F.R. § 3.1(y)(2)(i), to serve as a guideline for determining the comparability of circumstances of internment with a foreign government to those with an enemy government. Comparable circumstances are defined by the regulation to include, but not limited to, “physical hardships or abuse, psychological hardships or abuse, malnutrition, and unsanitary conditions. Each individual member of a particular group of detainees or internees shall, in the absence of evidence to the contrary, be considered to have experienced the same circumstances as those experienced by the group.” 38 C.F.R. § 3.1(y)(2)(i) (1996).
 

 I.
 

 Young argues that the Secretary has exercised his discretion pursuant to 38 U.S.C. § 101(32) to determine what circumstances are comparable to those of internees held in enemy camps by promulgating 38 C.F.R. § 3.1(y)(2). If the Veterans Administration finds that a veteran has experienced any one of the four conditions listed by the Secretary in section 3.1(y)(2), namely, physical hardships or abuse, psychological hardships or abuse, malnutrition, or unsanitary conditions, Young argues, the inquiry is at an end. The Veterans Administration must find that the veteran is a former POW. Under Young’s interpretation, only if the veteran has not been found to have experienced any one of the four categories of conditions set forth by the Secretary that he finds to be comparable in section 3.1(y)(2), is the Veterans Administration free to adjudicate comparability under the facts of the individual veteran’s case. In other words, Young argues that once the veteran has been determined to have suffered the kind of hardships set forth in section 3.1(y)(2), he should be afforded POW status regardless of the severity of such hardship. Therefore, because the CVA found that Young did suffer psychological and physical hardships, he should be afforded POW status regardless of any subsequent finding that such hardships were not “comparable” in severity to those suffered in internment camps of enemy governments.
 

 Young also takes issue with the CVA’s use of the presumption of section 3.1(y)(2) to find that Young is deemed to have experienced the same circumstances as others in Swedish internment camps during the same time period which were set forth by Dr. Cole. Young argues that the presumption of the same circumstances being experienced by each member of a particular group was intended by the Secretary to minimize the veteran’s burden of proof to show “comparable” hardships endured as a detainee or internee of a foreign government.
 
 See
 
 54 Fed.Reg. 40,686 (1989). As applied by the Board and the CVA, this presumption actually provided an impediment to Young by requiring him to prove that his circumstances were not like those of other Swedish internees who would not be accorded POW status based on Dr. Cole’s testimony.
 

 II.
 

 A.
 

 We have jurisdiction to review a decision of the Court of Veterans Appeals “with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual mat
 
 *666
 
 ter) that was relied on by the Court [of Veterans Appeals] in making the decision.” 38 U.S.C. § 7292(a) (1994);
 
 see 38
 
 U.S.C. § 7292(c) (1994). This case involves a question of statutory and regulatory interpretation. Therefore, we have jurisdiction over Young’s appeal.
 
 See Collette v. Brown,
 
 82 F.3d 389, 391-92 (Fed.Cir.1996). We review questions of statutory and regulatory interpretation
 
 de novo. See id.
 
 at 392.
 

 We find that section 3.1(y)(2), promulgated by the Secretary pursuant to the discretion afforded him by 38 U.S.C. § 101, provides a guideline for determining comparability of circumstances suffered by those held by a foreign' government to those held by an enemy government.
 
 See
 
 54 Fed.Reg. at 40,686
 
 (“Examples
 
 of comparable circumstances- are provided.” (emphasis added)). Such a guideline establishes general types of circumstances that are deemed comparable to those involving detention by enemy governments. In determining comparability, however, under such guidelines, the degree as well as the type of hardship suffered must be evaluated to determine comparability. While every detention or internment certainly causes hardship, not every physical or psychological hardship that is suffered in a foreign, non-enemy government internment camp can be considered comparable to that suffered in an enemy internment camp.
 

 During the first appeal, the CVA made an unfortunate statement that only the type of hardships and not the degree or severity of the hardship should be examined.
 
 Young,
 
 4 Vet.App. at 109. The CVA then remanded to the Board fqr a statement of reasons. The Board and the CVA, nevertheless, properly considered the evidence relating to the comparability of those detained in Swedish internment camps to those detained by enemy governments such as Germany. The Board found no such comparability and the CVA affirmed the decision. We hold that the Board and the CVA, irrespective of contrary comments, properly evaluated not only the type of hardship suffered, but also the degree of such hardship in determining comparability.
 

 B.
 

 The presumption that individuals in a particular group suffer similar circumstances to others of the group should be applied regardless of whether it increases or lessens the burden of a veteran in establishing POW status. Nothing in the regulation promulgating the presumption indicates that it applies only when it aids the veteran in proving his POW status. It is not logical to assume that the particular individuals of a group only suffer the same circumstances of that group if such circumstances provide for POW status.
 

 The Secretary’s statements during solicitation of public comment on the proposed rule support our view. Although the Secretary did state that the presumption was to “minimize the burden of proof on VA claimants,” he also stated that:
 

 Through claims experience, this provision will allow eventual recognition of certain groups as
 
 meeting or not meeting
 
 the criteria for recognition of its members as former POWs. Individual members of a group which is not shown to meet the criteria could establish entitlement through submission of evidence showing individual circumstances comparable to enemy government detainees or internees during wartime.
 

 54 Fed.Reg. at 40,686 (emphasis added). Therefore, even if as a result of the presumption, a veteran must come forward with evidence that he suffered more severe circumstances than those of a particular group to which he belonged to qualify for POW status, he is afforded the opportunity to prove such circumstances and rebut the presumption.
 

 Conclusion
 

 For the reasons set forth above, we affirm the decision of the CVA that Young is not entitled to POW status pursuant to 38 U.S.C. § 101(32), and 38 C.F.R. § 3.1(y).
 

 Affirmed.