Opinion for the court filed by Senior Circuit Judge ARCHER. Circuit Judge NEWMAN dissents.
ARCHER, Senior Circuit Judge.
Donald W. Stone (“Stone”) appeals the judgment of the United States Court of Appeals for Veterans Claims (“Veterans Court”) affirming the Board of Veterans’ Appeals’ (“Board”) denial of his claim for service-connection for post traumatic stress disorder (“PTSD”). Stone v. Nicholson, No. 02-303, 2005 WL 3312312 (Vet.App. Nov. 8, 2005). Because we discern no error in the Veterans Court’s interpretation of 38 U.S.C. § 1154(b) and 38 C.F.R § 3.304(f), we affirm.
I
Stone served in the United States Army from January 1969 to February 1971, including service in Vietnam. Stone filed a claim for service connection for PTSD. As evidence supporting his claim, Stone submitted his own statements and post-service medical evidence. In evaluating his appeal, the Board determined that Stone did not engage in combat with the enemy and that no credible evidence supported the occurrence of Stone’s alleged in-service stres-sors. On appeal, the Veterans Court affirmed.
Stone challenges these rulings, asserting the Veterans Court misinterpreted 38 U.S.C. § 1154(b) or 38 C.F.R § 3.304(f) when it affirmed the Board’s decision. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).
II
We have limited jurisdiction to review a decision of the Veterans Court. We cannot, absent a constitutional issue, review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (2000). We may, however, review the validity of “a rule of law or of any statute or regulation ... or any interpretation thereof ... that was relied on by the [Veterans] Court in making the decision.” 38 U.S.C. § 7292(a) (2000). At issue in this case is whether the Veteran’s Court correctly interpreted 38 U.S.C. § 1154(b) and 38 C.F.R. § 3.304.
Section 1154(b) of Title 38 of the United States Code explains that a combat veteran can demonstrate service-connection for an injury through lay evidence:
In the case of any veteran who engaged in combat with the enemy ... the Secretary shall accept as sufficient proof of service-connection ... satisfactory lay *1113 or other evidence ... and ... shall resolve every reasonable doubt in favor of the veteran.
38 U.S.C. § 1154(b) (2000). In Collette v. Brown, 82 F.3d 389 (Fed.Cir.1996), we explained that § 1154(b) requires a “three-step, sequential analysis that must be undertaken when a combat veteran seeks benefits under the method of proof provided by the statute.”- Id. at 392-93. The first step was. identified as requiring a determination whether the veteran has proffered “satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease.” Id. (quoting statute).
Stone sets forth the question presented in this appeal as “whether, the VA [“Department of Veterans Affairs”] can fail to undertake the first step of the sequential analysis required by § 1154(b) and Collette — review the veteran’s proffer — because there was no lay evidence other than the testimony of the veteran to establish combat-related activity during service.” Stone’s assertion of error fails for two reasons. First, Stone’s argument suggests that § 1154(b) not only provides a relaxed standard for combat veterans to prove service-connection for an injury sustained during such service but also provides a relaxed standard for a veteran to prove that he engaged in combat with the enemy. As to the latter, Stone is incorrect. The plain language of the statute demonstrates that in order for a veteran to be able to show service-connection for an injury using only lay evidence, the veteran must have engaged in combat with the enemy. 38 U.S.C. § 1154(b) (stating “[i]n the case of any veteran who engaged in combat with the enemy.” (emphasis added)). The statute does not provide a relaxed standard of proof for determining whether a veteran engaged in combat. Additionally, a veteran’s participation in combat is a prerequisite for the application of § 1154(b). Thus, if a veteran is not found to have engaged in combat with the enemy, there is no reason for the VA to consider the veteran’s evidence of service-connection under the relaxed standard of § 1154(b), and § 1154(b) has no application. Second, Stone asserts that Collette was misapplied. However, Collette is inap-posite to the present case. In Collette it was undisputed that the veteran had engaged in combat. See 82 F.3d at 390 (stating “[a]s a member of the 15th Infantry Regiment [Collette] saw combat on the front line in Korea”). Thus, § 1154(b) applied to that case. As explained above, § 1154(b) is not applicable here. Accordingly, we are not persuaded by Stone’s arguments that the Veterans Court or the Board misinterpreted 38 U.S.C. § 1154(b).
In his reply brief, Stone attempts to recast the issue on appeal as being “how does a veteran establish that he or she is a ‘combat veteran’ [and] can this be accomplished by lay evidence from the veteran.” Much of oral argument was devoted to this topic. However, what is necessary to show “combat” status was not raised in Stone’s initial brief on appeal. Rather, Stone asserted that § 1154(b) requires a review of the veteran’s proffer, regardless of whether there was evidence other than the veteran’s own testimony to establish combat-related activity during service. The proffer made by the veteran under § 1154(b) is to demonstrate service-connection for an injury, not combat status. See 38 U.S.C. § 1154(b) (stating “the Secretary shall accept as sufficient proof of service-connection”). As explained above, section 1154(b) says nothing about how combat status is determined. We are sympathetic to Stone’s fi-ustration at what he may perceive to be a lack of clarity as to what a veteran must show to be consid *1114 ered a “combat” veteran; however, this issue is not before us.[1]
Finally, Stone asserts that the Veterans Court misinterpreted 38 C.F.R. § 3.304(f)(3) by permitting the VA to reject Stone’s lay evidence as insufficient to establish the incurrence of an alleged stressor for service-connection. Section 3.304(f)(3) requires credible supporting evidence of the occurrence of the in-service stressor in PTSD claims. 38 C.F.R. § 3.304(f)(3) (2005) (stating “[i]f a [PTSD] claim is based on in-service personal assault, evidence from sources other than the veteran’s service records may corroborate the veteran’s account of the stressor incident”). Stone is correct that the Secretary must consider all the evidence of record, including lay evidence, before it can deny service connection for PTSD. See Nat’l Org. of Veterans’ Advocates, Inc. v. Sec’y of Veterans Affairs, 330 F.3d 1345, 1352 (Fed.Cir.2003). Indeed, we have explained that “[a] veteran’s statement regarding a non-combat related, in-service assault is certainly evidence that must be considered by the VA in adjudicating a PTSD claim.” Id. at 1351.
The flaw in Stone’s argument is that he does not point to any suggestion, nor can we find any, that the Board did not consider all the evidence, including lay evidence consisting of statements made by Stone during medical examinations. In fact, the Board specifically addressed Stone’s lay evidence, concluding that “the veteran’s statements cannot serve as credible corroboration of his own allegations as to in-service stressors.” Bd. Vet.App. 0200951, No. 96-46 216, slip op. at 9 (Jan. 28, 2002). Contrary to Stone’s assertion, this statement does not suggest that lay evidence alone is insufficient to corroborate the occurrence of an in-service stres-sor. Rather, the Board is simply saying that a person’s own statements cannot serve as “corroboration” of the facts contained in those statements. We find no error in the Veterans Court’s conclusion that there was a plausible basis in the record for the Board’s conclusion that no corroborated credible evidence supported the occurrence of Stone’s alleged in-service stressors. Similarly, the Veterans Court’s conclusion that Stone’s statements were insufficient to establish the occurrence of an alleged stressor does not constitute an error in regulatory interpretation.
Ill
Accordingly, because the Veterans Court did not err in its interpretation of 38 U.S.C. § 1154(b) or 38 C.F.R. § 3.304, we affirm.

. Similarly, the issue of whether service in a combat zone is prima facie service in combat, as asserted by the dissent, is not before us as Stone did not argue this issue before us.