# United States Court of Appeals for the Federal Circuit

2007-7163

DAVID C. MORAN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.


Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief was David J. Barrans, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

# United States Court of Appeals for the Federal Circuit

2007-7163

DAVID C. MORAN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-2458, Judge Robert N. Davis.

_____

DECIDED:  May 2, 2008

_____

Before LINN, DYK and MOORE, <u>Circuit Judges</u>.

MOORE, <u>Circuit Judge</u>.

David Moran (Moran) appeals the judgment of the United States Court of Appeals for Veterans Claims (Veterans Court), which affirmed an August 27, 2004 Board of Veterans' Appeals (Board) decision denying his claim for service connection for  post-traumatic stress disorder (PTSD).  <u>Moran v. Nicholson</u>, No. 04-2458 (Vet. App. Jan. 3, 2007).  We affirm.

## I. BACKGROUND

Moran served in the U.S. Army from January 1969 to November 1970. Moran filed his initial claim for service connection for PTSD in 1994. The Veterans Affairs regional office denied Moran's claim because of the absence of specific information concerning his personal or direct involvement in combat with the enemy. In 2004, after a lengthy procedural history, the Board denied Moran's claim for service connection for PTSD based upon its finding that he did not serve in combat and that the occurrence of any in-service stressor supporting the current diagnosis of PTSD is not established by credible evidence. In a January 3, 2007 decision, the Veterans Court found that the Board's finding that Moran did not engage in combat with the enemy was not clearly erroneous.[1] Moran appealed.

## II. DISCUSSION

We review interpretation of statutes by the Veterans Court de novo. Glover v. West, 185 F.3d 1328, 1331 (Fed. Cir. 1999). Further, absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2).

At issue in this appeal is whether the Veterans Court properly interpreted the phrase "engaged in combat with the enemy" in 38 U.S.C. § 1154(b) to require consideration of the actual nature of a veteran's individual service.[2] Moran argues that

---

[1] The Veterans Court noted that the Board found Moran's statements in a 1983 VA psychiatric report that "'[h]e was in Vietnam for 11 months and was a cook not being involved in direct combat,'" and a 1989 outpatient record, which stated that "'the veteran reported he was not in combat,'" were "more probative than his recent statements asserting combat during Vietnam."

[2] 38 U.S.C. § 1154(b) states:

evidence of service in a combat zone or mere consideration of the location of the veteran's military unit establishes a prima facie showing of service in combat to trigger the evidentiary benefit of 38 U.S.C. § 1154(b).[3]  The government argues the plain meaning of the phrase "any veteran who engaged in combat with the enemy" requires that the veteran have taken part in a fight with a military adversary or hostile unit or force.  We are not persuaded by Moran's argument.

Moran's position would require this court to replace the words "engaged in combat with the enemy" in § 1154(b) with "in a combat zone."  However, Congress has demonstrated that when it chooses to provide benefits to those who serve in combat zones rather than limiting benefits to those who personally engage in combat, it directly does so.  See 38 U.S.C. §§ 1710(e)(1)(D) (providing benefits to those who served "in a theater of combat operations") and 1712A(a)(1)(B)(i)(I) (same); 26 U.S.C. §§ 2(a)(3)(B), 112(a)(1) and (b)(1), 692(a)(1), 2201(b)(1)(A) and (B) (providing benefits to those serving in "combat zone").  Thus, we hold the term "engaged in combat with the enemy" in § 1154(b) requires that the veteran have personally participated in events constituting an actual fight or encounter with a military foe or hostile unit or instrumentality, as determined on a case-by-case basis.[4]  A showing of no more than service in a general

_____

In the case of any veteran who engaged in combat with the enemy . . . the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease . . . .

[3]  To the extent that Moran argues that he was personally engaged in combat, the Board made a factual finding that he was not, citing contradictory evidence.  Our jurisdiction precludes us from reviewing factual determinations.

[4]  Contrary to Moran's assertions this definition clearly contemplates more than hand-to-hand combat.

"combat area" or "combat zone" is not sufficient to trigger the evidentiary benefit of § 1154(b).

Accordingly, we affirm the judgment of the Veterans Court.

<u>AFFIRMED</u>

COSTS

No costs.