NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7017

CHESTER P. SIMMONS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Hugh D. Cox, Jr., of Greenville, North Carolina, argued for claimant-appellant.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.  Of counsel were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2008-7017

CHESTER P. SIMMONS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-3225, Judge Lawrence B. Hagel.

_____

DECIDED:  September 11, 2008

_____

Before NEWMAN, RADER, and PROST, Circuit Judges.

PROST, Circuit Judge.

Chester P. Simmons appeals from a decision of the United States Court of Appeals for Veterans Claims ("CAVC") affirming, inter alia, the denial of his claim for service connection for post-traumatic stress disorder.  Simmons v. Nicholson, No. 05-3225 (Vet. App. Aug. 20, 2007).  We dismiss for lack of jurisdiction.

"Our jurisdiction to review the decisions of the CAVC is limited by statute." Summers v. Gober, 225 F.3d 1293, 1295 (Fed. Cir. 2000).  While this court is authorized to "decide all relevant questions of law, including interpreting constitutional and statutory provisions," we cannot adjudicate "(A) a challenge to a factual

determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless a constitutional issue is presented. 38 U.S.C. § 7292(d).

In an attempt to gain a jurisdictional footing, Mr. Simmons (who is represented by counsel) asserts that the CAVC "misinterpreted" 38 U.S.C. § 1154(b) because the "facts . . . show that the appellant testified that he was in combat" and that testimony is allegedly corroborated by documentary evidence. During oral argument, appellant's counsel also argued that, because this evidence establishes a "prima facie case," the burden of proof should have shifted to the Secretary, who should then have been required to prove that Mr. Simmons did not actually "engage[] in combat."

Section 1154(b) grants "any veteran who engaged in combat with the enemy" a relaxed evidentiary standard for establishing service-connection for a disease or injury. In order to be entitled to this statute's evidentiary benefit, a veteran must first establish that he "engaged in combat with the enemy." Stone v. Nicholson, 480 F.3d 1111, 1113 (Fed. Cir. 2007). To have "engaged in combat," a veteran must establish that he "personally participated in events constituting an actual fight or encounter with a military foe or hostile unit or instrumentality, as determined on a case-by-case basis." Moran v. Peake, 525 F.3d 1157, 1159 (Fed. Cir. 2008).

In this case, the Board of Veterans' Appeals ("Board") found that Mr. Simmons "did not engage in combat with the enemy." The Board based this factual finding on a detailed review of the documentary record, which included operation reports for Mr. Simmons's battalion. (When the Board's decision was appealed, the CAVC simply summarized the Board's analysis and conclusion in this regard.) We lack jurisdiction to review this factual determination.

With regard to appellant's counsel's assertion that the CAVC (or, more accurately, the Board) improperly allocated the burden of proof, appellant's counsel's argument is defeated by this court's prior decision in <u>Stone</u>, which held that the relaxed evidentiary standard provided by § 1154(b) does not apply when attempting to establish entitlement to use that statute (i.e., by showing a veteran "engaged in combat"). 480 F.3d at 1113. After the Secretary's response brief identified this case, appellant's counsel devoted his entire reply brief to requesting that this court "accept the dissent" from <u>Stone</u>. During oral argument, appellant's counsel was informed that a panel of this court cannot overturn our precedent and adopt a dissenting opinion. In response, counsel requested that we distinguish the holding in <u>Stone</u>.[1] Such an analysis, however, would require us to distinguish the law in that case based on its facts, which, as noted above, we lack jurisdiction to do.

Thus, because Mr. Simmons's counsel only challenges a factual determination and an application of law to fact, we lack jurisdiction over this appeal. <u>See</u> 38 U.S.C. § 7292(d)(2). Accordingly, we dismiss Mr. Simmons's appeal.

COSTS

No costs.

---

[1] During oral argument, appellant's counsel clarified that he was not requesting that this court grant a rehearing en banc to reevaluate <u>Stone</u>'s holding.