NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK HEINEMANN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7043

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 11-0932.

---

Decided: April 10, 2012

---

MARK HEINEMANN, of West Hollywood, California, pro se.

AMANDA L. TANTUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were

MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––––

Before MOORE, CLEVENGER, and REYNA, *Circuit Judges*.

PER CURIAM.

Mr. Heinemann appeals a decision by the Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans' Appeals (Board's) decision denying his claim for service connection for a heart disorder, seizures, a chronic lower back disorder, and ulcerative colitis. Because the Veterans Court did not misinterpret 38 U.S.C. § 1154(b), we *affirm*.

## BACKGROUND

Mr. Heinemann served on active duty in the U.S. Army between 1968 and 1970. While his service overlapped with the Vietnam War, Mr. Heinemann was stationed in Korea, as a sentinel on the perimeter of a guard post in the Demilitarized Zone. App. 14. During this time he received combat pay. *Id.*

Before the Board, Mr. Heinemann argued that he should be given the benefit of 38 U.S.C. § 1154(b), which applies to "any veteran who engaged in combat with the enemy in active service with a military . . . organization of the United States during a period of war." The Board, however, found that Mr. Heinemann did not engage in combat with the enemy during his service. App. 13. In reaching this conclusion, the Board found that Mr. Heinemann's evidence was rebutted by his medical and service records, which failed to indicate that Mr. Heinemann actually engaged in combat with the enemy during his service. App. 15-16. For example, Mr. Heinemann

claimed he was involved in a jeep accident resulting from an enemy landmine, but the Board was unable to locate any evidence of this accident in either Mr. Heinemann's service personnel records or service treatment records. The Board also made credibility determinations based on the fact that Mr. Heinemann's recollection conflicted with his service records. App. 16-25. As a result, the Board ultimately denied Mr. Heinemann's request for service connection.

Mr. Heinemann appealed, and the Veterans Court affirmed the Board's decision. Mr. Heinemann now appeals to our court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. We only have jurisdiction to "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions." 38 U.S.C. § 7292(c); *see also* 38 U.S.C. § 7292(a). We review the Veterans Court's legal determinations de novo. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). Unless the appeal presents a constitutional issue, however, we do not have jurisdiction to review "a challenge to a factual determination, or a challenge to a law . . . as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Heinemann argues that the Veterans Court misinterpreted 38 U.S.C. § 1154(b). He claims that "the law states every veteran who served during the Vietnam era, no matter where they served" gets a presumption of service connection. The plain language of § 1154(b), however, requires that "the veteran must have engaged in combat with the enemy." *Stone v. Nicholson*, 480 F.3d

1111, 1113 (Fed. Cir. 2007); *see also* 38 U.S.C. § 1154(b) ("any veteran who engaged in combat with the enemy"). "[A] veteran's participation in combat is a prerequisite for the application of § 1154(b). Thus, if a veteran is not found to have engaged in combat with the enemy . . . § 1154(b) has no application." *Stone*, 480 F.3d at 1113. It is not enough that Mr. Heinemann served during the Vietnam era; he also had to engage in combat with the enemy to get the benefit of § 1154(b).

The Board found that Mr. Heinemann failed to establish that he engaged in combat during his service. The Board thus concluded, and the Veterans Court affirmed, that § 1154(b) did not apply. We cannot review the factual finding that Mr. Heinemann did not engage in combat, and the court's interpretation of the statute was not otherwise erroneous. As a result, we affirm the Veterans Court's decision on the merits of the claim.

Mr. Heinemann also raises the possibility that he was denied due process during the prosecution of his claim, as evidenced by the fact that "[t]he Court of Veterans Appeals violated the law several times" by allowing "the VA Lawyers to get an extension months after the legal limits, but refused to allow me an extension" despite his medical needs. Claimant-Appellant Informal Br. at 1. It is within our jurisdiction to review a factual determination if it presents a constitutional issue. 38 U.S.C. § 7292(d)(2). There is nothing in the record, however, indicating that Mr. Heinemann requested and was denied an extension, or that the government was granted an extension beyond the legal limits. Likewise, Mr. Heinemann fails to explain how any grant or denial of an extension prejudiced him so as to deny him his due process rights. As such, we conclude Mr. Heinemann failed to establish a due process violation. We have considered Mr. Heinemann's addi-

tional arguments on appeal and find them to be without merit.

**AFFIRMED**

COSTS

No costs.