Citation Nr: 1121872 
Decision Date: 06/06/11 Archive Date: 06/20/11

DOCKET NO. 07-02 671 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a back condition.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

L. L. Mollan, Associate Counsel

INTRODUCTION

The Veteran served on active duty from December 1965 to November 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2006 RO decision, which denied a claim for service connection for a back condition.

In December 2009, a videoconference hearing was held before the undersigned Veterans Law Judge at the Muskogee, Oklahoma RO. A transcript of that proceeding has been associated with the claims folder.

This issue was remanded for further development by the Board in January 2010. 


FINDING OF FACT

A back condition is not shown by the most probative and credible evidence of record to be etiologically related to a disease, injury, or event in service and was not shown to have been manifested within a year of service.


CONCLUSION OF LAW

A back condition was not incurred in or aggravated by active service, and may not be presumed to have been incurred in or aggravated by service. See 38 U.S.C.A. §§ 1110, 1112, 1131, 5103, 5103A, 5107 (West 2002 & Supp. 2009); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309 (2010).






REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

With respect to the Veteran's claim, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2009); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2010).

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his or her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b) (2010); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II), the United States Court of Appeals for Veterans Claims (Court) held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) request that the claimant provide any evidence in his or her possession that pertains to the claim. The requirement of requesting that the claimant provide any evidence in his or her possession that pertains to the claim was eliminated by the Secretary during the course of this appeal. See 73 Fed. Reg. 23353 (final rule eliminating fourth element notice as required under Pelegrini II, effective May 30, 2008). Thus, any error related to this element is harmless. 

VCAA letters dated in February 2006 and January 2010 fully satisfied the duty to notify provisions. See 38 U.S.C.A. § 5103(a) (West 2002 & Supp. 2009); 38 C.F.R. § 3.159(b)(1) (2010); Quartuccio, at 187. The Veteran was aware that it was ultimately his responsibility to give VA any evidence pertaining to the claim. These letters informed him that additional information or evidence was needed to support his claim, and asked him to send the information or evidence to VA. See Pelegrini II, at 120-121. Additionally, the January 2010 letter described how appropriate disability ratings and effective dates were assigned. 
The Board also concludes VA's duty to assist has been satisfied. The Veteran's available service treatment records and relevant VA treatment records are in the file. The Board notes that the Veteran indicated at the December 2009 hearing that he was told that some of his records were "burned up" or lost. The Board notes that the claims file contains no indication of such. The claims file contains copies of the Veteran's available service treatment records, and the Veteran was provided a copy of his claims file containing these records in April 2007. The Board also notes that the Veteran has asserted throughout the course of this appeal that he previously sought treatment from a chiropractor. The January 2010 VCAA letter specifically directed the Veteran to provide information regarding any medical records that he wished VA to obtain. The Veteran submitted no such information, nor did he submit an Authorization and Consent to Release Information form for any potentially relevant medical records. As such, the Board finds that all relevant records identified by the Veteran as relating to this claim have been obtained, to the extent possible. The Board finds that the record contains sufficient evidence to make a decision on the claim. VA has fulfilled its duty to assist.

With regard to claims for service connection, the duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim. 38 C.F.R. § 3.159(c)(4)(i) (2010). The Veteran was provided a VA examination with regard to his claimed back condition in February 2010. The examiner reviewed the claims file, conducted the appropriate diagnostic tests and studies, and noted the Veteran's assertions. The Board finds this examination report and opinion to be thorough and complete. Therefore, the Board finds this examination report and opinion are sufficient upon which to base a decision with regard to this claim. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (finding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate).

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

II. Analysis

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case, the claim is denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1110 (West 2002). That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b) (2010). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d) (2010).
 
To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Certain diseases, to include arthritis, may be presumed to have been incurred in service when manifest to a compensable degree within one year of discharge from active duty. 38 U.S.C.A. § 1112 (West 2002); 38 C.F.R. §§ 3.307, 3.309 (2010).

The Veteran asserts that he injured his back during active duty service. Specifically, he asserted at the December 2009 hearing that he fell out of the door of a helicopter and landed on a torpedo and then on a sandbar while serving in Corpus Christi, Texas. He also asserted that he was thrown from a jeep that ran over a mine in Vietnam. The Veteran contends that his back symptoms have persisted since his active duty service. In his November 2005 claim, the Veteran indicated that he hurt his back jumping out of a boat. 

A review of the Veteran's available service treatment records reflects that he sought treatment for a low back strain in July 1968 and August 1968. 

Additionally, the Board notes that the Veteran was awarded service connection for posttraumatic stress disorder (PTSD) in an August 2009 RO decision based on a finding that the Veteran came under attack in service. In Collette v. Brown, 82 F.3d 389 (Fed. Cir. 1996), the United States Court of Appeals for the Federal Circuit held that under 38 U.S.C.A. § 1154(b), a combat Veteran's assertions of an event during combat are to be presumed if consistent with the time, place and circumstances of such service. Therefore, the Board notes that the Veteran's description of being thrown from a jeep that ran over a mine in Vietnam is consistent with the circumstances, hardships, or conditions of his combat service. Thus, under 38 U.S.C.A. § 1154(b) (West 2002), his description of this event is presumed credible. With regard to his description of falling out of the door of a helicopter, the Veteran asserted this incident took place in Corpus Christi, Texas, and was not related to combat. As such, 38 U.S.C.A. § 1154(b) does not apply to this reported incident.

With respect to a current back disability, the Board notes that the Veteran complained in a March 2007 VA treatment record of having chronic back pain since service. An April 2007 VA treatment record noted the Veteran as having degenerative joint disease; although, this record did not specify that the Veteran had degenerative joint disease of the back. 

More recently, the Board notes that the Veteran underwent a VA examination in February 2010. The examiner reviewed the claims file. At this examination, the Veteran reported having back pain with an onset date of 1966 or 1967. The Veteran reported that he fell 8 to 12 feet out of a helicopter in Corpus Christi, Texas, NAS. He reported that he had pain with no evaluations. He further reported that, in Vietnam in 1968, he was in a jeep that hit a landmine and was ejected from the jeep with no care while in Vietnam, except medications from a corpsman for intermittent pain. He reported that, in 1968 to 1969, he was seen at Mayport, Florida, Naval Stations for low back pain. The Veteran claims that he was seen by chiropractors for low back pain after service. The Veteran reported that, post service, he did agriculture/cattle work, involving feeding cattle and riding horses with no injuries. The Veteran reported that he had his last back care in about 1991-1993 after a motor vehicle accident, when his pick-up was struck from behind by a semi-truck with loss of consciousness for about 2 minutes with care at Jane Phillips Hospital emergency room. The Veteran reported no low back injury with bursitis of upper back and "probably the same thing in the low back". Upon examination, the examiner diagnosed the Veteran with back pain with moderate to severe intervertebral disc space narrowing with endplate osteophyte formation and sclerosis at L4-L5 and L5-S1. Facet arthropathy at multiple levels, most severe at L4-L5 and L5-S1, was noted, as well as prominent bridging syndesmophytes at L1-L2 and L2-L3. The examiner concluded by noting that he had considered service medical records, military service, and VA medical records in arriving at his conclusion. He stated that, after a review of medical records, taking a history, and performing a physical examination and a review of the medical literature, the Veteran's current low back condition is less likely as not permanently aggravated or a result of any in-service event/incident and is at least as likely as not permanently aggravated or a result of many years of work caring for livestock and/or other unreported incidents since leaving military service on November 10, 1969, and/or the risk of back pain in the general population. 

With regard to establishing service connection on a presumptive basis under 38 U.S.C.A. § 1112, the Board notes that there is no medical evidence of record indicating that the Veteran had a diagnosis of arthritis of the spine to a compensable degree within one year of discharge from active duty. Therefore, service connection for arthritis of the spine cannot be granted on a presumptive basis under 38 U.S.C.A. § 1112.
With regard to establishing service connection on a direct basis, regulations provide that service connection may be granted for any disease diagnosed after discharge, when all evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. 3.303(d) (2010). Currently, the only medical opinion of record on the matter has specifically indicated that the Veteran's current low back condition is less likely as not permanently aggravated or a result of any in-service event/incident. The claims file contains no medical evidence to the contrary. As such, the Board finds that service connection cannot be granted for this disability on a direct basis. See Shedden, supra. 

The Board has considered the Veteran's lay assertions of injuring his back in service. The Board notes that a layperson, such as the Veteran, is generally not capable of opining on matters requiring medical knowledge. Routen v. Brown, 10 Vet. App. 183, 186 (1997), aff'd sub nom. Routen v. West, 142 F.3d 1434 (Fed. Cir. 1998), cert. denied, 119 S. Ct. 404 (1998). However, lay testimony is competent when it regards the readily observable features or symptoms of injury or illness and "may provide sufficient support for a claim of service connection." Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

As noted above, the Board finds the Veteran's description of being thrown from a jeep that ran over a mine in Vietnam to be presumed credible. Moreover, the Veteran is competent to report that he experienced back pain in service, an assertion that is supported by the fact that his service treatment records reflect he sought treatment for a low back strain in July 1968 and August 1968. However, the Veteran as a lay person has not been shown to be competent to offer an opinion on complex medical questions, such as whether his current back disability is related to an injury he suffered over 40 years ago in service, as opposed to being related to his post-service occupation. See Jandreau, 492 F.3d at 1377 (explaining in footnote 4 that a Veteran is competent to provide a diagnosis of a simple condition such as a broken leg, but not competent to provide evidence as to more complex medical questions). While the Veteran is competent to report what comes to him through his senses, he does not have medical expertise. See Layno v. Brown, 6 Vet. App. 465, 469-470 (1994). Thus, his lay assertions regarding the etiology of his current back condition are outweighed by the February 2010 VA opinion. 

In summary, for the reasons stated above, the Board finds that the preponderance of the evidence is against the claim for service connection for a back condition, and the benefit-of-the-doubt rule is not for application. 


ORDER

Entitlement to service connection for a back condition is denied.




____________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs