# United States Court of Appeals for the Federal Circuit

2006-7069


DONALD W. STONE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.


Kenneth M. Carpenter, Carpenter Chartered, of Topeka, Kansas, argued for claimant-appellant.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Joshua S. Blume, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2006-7069

DONALD W. STONE

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  February 7, 2007

_____

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

Opinion for the court filed by Senior Circuit Judge ARCHER.  Circuit Judge NEWMAN dissents.

ARCHER, Senior Circuit Judge.

Donald W. Stone ("Stone") appeals the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of his claim for service-connection for post traumatic stress disorder ("PTSD").  Stone v. Nicholson, No. 02-303 (Vet. App. Nov. 8, 2005).  Because we discern no error in the Veterans Court's interpretation of 38 U.S.C. § 1154(b) and 38 C.F.R § 3.304(f), we affirm.

I

Stone served in the United States Army from January 1969 to February 1971, including service in Vietnam. Stone filed a claim for service connection for PTSD. As evidence supporting his claim, Stone submitted his own statements and post-service medical evidence. In evaluating his appeal, the Board determined that Stone did not engage in combat with the enemy and that no credible evidence supported the occurrence of Stone's alleged in-service stressors. On appeal, the Veterans Court affirmed.

Stone challenges these rulings, asserting the Veterans Court misinterpreted 38 U.S.C. § 1154(b) or 38 C.F.R § 3.304(f) when it affirmed the Board's decision. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

II

We have limited jurisdiction to review a decision of the Veterans Court. We cannot, absent a constitutional issue, review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (2000). We may, however, review the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2000). At issue in this case is whether the Veteran's Court correctly interpreted 38 U.S.C. § 1154(b) and 38 C.F.R. § 3.304.

Section 1154(b) of Title 38 of the United States Code explains that a combat veteran can demonstrate service-connection for an injury through lay evidence:

> In the case of any veteran who engaged in combat with the enemy . . . the Secretary shall accept as sufficient proof of service-connection . . .

satisfactory lay or other evidence . . . and . . . shall resolve every reasonable doubt in favor of the veteran.

38 § U.S.C. 1154(b) (2000). In Collette v. Brown, 82 F.3d 389 (Fed. Cir. 1996), we explained that § 1154(b) requires a "three-step, sequential analysis that must be undertaken when a combat veteran seeks benefits under the method of proof provided by the statute." Id. at 392-93. The first step was identified as requiring a determination whether the veteran has proffered "satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease." Id. (quoting statute).

Stone sets forth the question presented in this appeal as "whether the VA ["Department of Veterans Affairs"] can fail to undertake the first step of the sequential analysis required by § 1154(b) and Collette—review the veteran's proffer—because there was no lay evidence other than the testimony of the veteran to establish combat-related activity during service." Stone's assertion of error fails for two reasons. First, Stone's argument suggests that § 1154(b) not only provides a relaxed standard for combat veterans to prove service-connection for an injury sustained during such service but also provides a relaxed standard for a veteran to prove that he engaged in combat with the enemy. As to the latter, Stone is incorrect. The plain language of the statute demonstrates that in order for a veteran to be able to show service-connection for an injury using only lay evidence, the veteran must have engaged in combat with the enemy. 38 U.S.C. § 1154(b) (stating "[i]n the case of any veteran who engaged in combat with the enemy." (emphasis added)). The statute does not provide a relaxed standard of proof for determining whether a veteran engaged in combat. Additionally, a veteran's participation in combat is a prerequisite for the application of § 1154(b). Thus, if a veteran is not found to have engaged in combat with the enemy, there is no reason

for the VA to consider the veteran's evidence of service-connection under the relaxed standard of § 1154(b), and § 1154(b) has no application. Second, Stone asserts that Collette was misapplied. However, Collette is inapposite to the present case. In Collette it was undisputed that the veteran had engaged in combat. See 82 F.3d at 390 (stating "[a]s a member of the 15th Infantry Regiment [Collette] saw combat on the front line in Korea"). Thus, § 1154(b) applied to that case. As explained above, § 1154(b) is not applicable here. Accordingly, we are not persuaded by Stone's arguments that the Veterans Court or the Board misinterpreted 38 U.S.C. § 1154(b).

In his reply brief, Stone attempts to recast the issue on appeal as being "how does a veteran establish that he or she is a 'combat veteran' [and] can this be accomplished by lay evidence from the veteran." Much of oral argument was devoted to this topic. However, what is necessary to show "combat" status was not raised in Stone's initial brief on appeal. Rather, Stone asserted that § 1154(b) requires a review of the veteran's proffer, regardless of whether there was evidence other than the veteran's own testimony to establish combat-related activity during service. The proffer made by the veteran under § 1154(b) is to demonstrate service-connection for an injury, not combat status. See 38 U.S.C. § 1154(b) (stating "the Secretary shall accept as sufficient proof of service-connection"). As explained above, section 1154(b) says nothing about how combat status is determined. We are sympathetic to Stone's frustration at what he may perceive to be a lack of clarity as to what a veteran must show to be considered a "combat" veteran; however, this issue is not before us.[1]

---

[1] Similarly, the issue of whether service in a combat zone is prima facie service in combat, as asserted by the dissent, is not before us as Stone did not argue this issue before us.

Finally, Stone asserts that the Veterans Court misinterpreted 38 C.F.R. § 3.304(f)(3) by permitting the VA to reject Stone's lay evidence as insufficient to establish the incurrence of an alleged stressor for service-connection. Section 3.304(f)(3) requires credible supporting evidence of the occurrence of the in-service stressor in PTSD claims. 38 C.F.R. § 3.304(f)(3) (2005) (stating "[i]f a [PTSD] claim is based on in-service personal assault, evidence from sources other than the veteran's service records may corroborate the veteran's account of the stressor incident"). Stone is correct that the Secretary must consider all the evidence of record, including lay evidence, before it can deny service connection for PTSD. See Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs, 330 F.3d 1345, 1353 (Fed. Cir. 2003). Indeed, we have explained that "[a] veteran's statement regarding a non-combat related, in-service assault is certainly evidence that must be considered by the VA in adjudicating a PTSD claim." Id. at 1351.

The flaw in Stone's argument is that he does not point to any suggestion, nor can we find any, that the Board did not consider all the evidence, including lay evidence consisting of statements made by Stone during medical examinations. In fact, the Board specifically addressed Stone's lay evidence, concluding that "the veteran's statements cannot serve as credible corroboration of his own allegations as to in-service stressors." Bd. Vet. App. 0200954, No. 96-46 216, slip op. at 9 (Jan. 28, 2002). Contrary to Stone's assertion, this statement does not suggest that lay evidence alone is insufficient to corroborate the occurrence of an in-service stressor. Rather, the Board is simply saying that a person's own statements cannot serve as "corroboration" of the facts contained in those statements. We find no error in the Veterans Court's

conclusion that there was a plausible basis in the record for the Board's conclusion that no corroborated credible evidence supported the occurrence of Stone's alleged in-service stressors. Similarly, the Veterans Court's conclusion that Stone's statements were insufficient to establish the occurrence of an alleged stressor does not constitute an error in regulatory interpretation.

III

Accordingly, because the Veterans Court did not err in its interpretation of 38 U.S.C. § 1154(b) or 38 C.F.R. § 3.304, we affirm.

# United States Court of Appeals for the Federal Circuit

2006-7069

DONALD W. STONE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

NEWMAN, Circuit Judge, dissenting.

I respectfully dissent, for my colleagues on this panel have established a seriously flawed evidentiary rule. The result is that a veteran is denied both the evidentiary presumptions that were enacted to assist veterans, 38 U.S.C. §1154(b), and the opportunity to qualify for the benefits of the VA's existing finding that his post-traumatic stress disorder was service-connected.

Mr. Stone served with the United States Army in Vietnam from March 1970 to February 1971. He states, without contradiction, that his assigned duties included radio relay, carrier operator, and equipment attendant, that he "often had a position as a guard (guard duty or while riding on trucks to guard the equipment) where he was subject to direct

enemy fire." Psychological Evaluation from Dr. Kathleen M. McNamara, January 13 and 21, 1992. The VA psychologist diagnosed Mr. Stone with "moderate and chronic PTSD" and found that his symptoms were consistent with those "often associated with a combat-related post-traumatic stress disorder." However, the VA Regional Office denied him "combat" status for the evidentiary purposes of §1154(b), and thus held that he had not proved service connection despite his military duties in a combat area and despite the diagnosis of the VA psychologist. The Board of Veterans Appeals agreed, holding that Mr. Stone had not established that he was "engaged in combat," pointing out that he could not prove that he was fired upon because he had not been wounded. The Board held, and the Court of Appeals for Veterans Claims agreed, that he is not entitled to prove service-connection under §1154(b):

> 38 U.S.C. §1154(b). In the case of any veteran who <u>engaged in combat with the enemy in active service</u> with a military, naval, or air organization of the United States during a period of was, campaign, or expedition, the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, <u>if consistent with the circumstances, conditions, or hardships</u> of such service, notwithstanding the fact that there is no official record of such incurrence of aggravation in such service, and, to that end, <u>shall resolve every reasonable doubt in favor of the veteran</u>. Service connection of such injury of disease <u>may be rebutted</u> by clear and convincing evidence to the contrary. . . . [Emphases added.]

The government argues that Mr. Stone is not entitled to the benefit of the statutory procedures of §1154(b) to establish that he engaged in combat, because he has not established that he was engaged in combat; although the government in its brief concedes that his personnel records record "his participation, without further detail, in an unnamed

2

campaign." VA Br. at 18. The government argues that the burden of proof is on Mr. Stone, and that in the absence of corroborating evidence of injury there is no need for rebuttal.

It is embodied in executive and military order that military service in Vietnam was service in a "combat zone" or "combat area." In 1964 President Johnson issued Executive Order 11216, establishing service in Vietnam as subject to "combat area compensation":

> Executive Order 11216. Pursuant to the authority vested in me by section 112 of the Internal Revenue Code of 1954 I hereby designate, for the purpose of that section, as an area in which Armed Forces of the United States are and have been engaged in combat:
> Vietnam, including the waters adjacent thereto within the following-described limits: From a point on the East Coast of Vietnam at the juncture of Vietnam with China southeastward to 21° N Lat., 108° 15' E Long.; thence southward to 18° N Lat., 108° 15' E Long.; thence southeastward to 17° 30' N Lat., 111° E Long.; thence southward to 11° N Lat., 111° E Long.; thence southwestward to 7° N Lat., 105° E Long.; thence westward to 7° N Lat., 103° E Long.; thence northward to 9° 30' N Lat., 103° E Long.; thence northeastward to 10° 15' N Lat., 104° 27' E Long.; thence northward to a point on the West Coast of Vietnam at the juncture of Vietnam with Cambodia.
> The date of the commencing of combatant activities in such area is hereby designated as January 1, 1964.

In United States v. Anderson, 38 C.M.R. 582, 586 (Army Rev. Bd. 1967), the Army Review Board observed that "a state of war has existed in the geographic area designated by Executive Order 11216." Other federal statutes have recognized this statutory designation of combat zone. For example, 5 U.S.C. §6326 refers to persons "who died as a result of wounds, disease, or injury incurred while serving as a member of the Armed Forces in a combat zone (as determined by the President in accordance with section 112 of the Internal Revenue Code)"; 10 U.S.C. §1580 refers to the duty of certain employees "in a combat zone as defined by section 112 of the Internal Revenue Code;" 15 U.S.C. §632

3

2006-7069

applies the designation of a combat zone under section 112 to define certain "qualified areas" for small business.

The principles of §1154(b) are implemented by recognition that service in a combat zone is, <u>prima</u> <u>facie</u>, service in combat. It is not disputed that Mr. Stone served in Vietnam, and no challenge has been presented to the military assignments that he reports. Mr. Stone presented a <u>prima</u> <u>facie</u> case that he was engaged in combat, shifting to the government the burden of coming forward with contrary evidence. This is required as the fair and reasonable implementation of the congressional purpose in enacting §1154(b). It is neither fair nor reasonable to hold that a veteran who served in a designated combat area must prove he was wounded or diseased before he can receive the evidentiary benefits of §1154(b).

With the corroborating information in the government's possession, it is seriously wrong to insulate the government from the obligation to bring it forward. I would hold that service in a combat zone is <u>prima</u> <u>facie</u> service in combat, whereby the burden of production and proof shifts to the government. No such contrary evidence is in the record of this appeal, nor any contradiction of Mr. Stone's account of his service in Vietnam. Absent adequate rebuttal, he is entitled to the evidentiary benefits of §1154(b) to establish service connection. A combate veteran lucky enough not to have been wounded – such as Mr. Stone -- may find it impossible to call on §1154(b), a statute enacted specifically to ease the burdens on veterans of proving long-past events. From this flawed procedure and its unjust implementation I must, respectfully, dissent.

2006-7069