NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT L. HARRISON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7013

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-417, Judge Kenneth B. Kramer.

---

Decided: February 5, 2014

---

ROBERT L. HARRISON, of Little Rock, Arkansas, pro se.

TANYA B. KOENIG, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel and CHRISTA A. SHRIBER, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

_____

Before LOURIE, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Robert Harrison appeals the final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") denying two of his claims for disability compensation and his request to reopen two other previously rejected claims. Because Mr. Harrison only raises questions of application of law to fact, we dismiss.

I

Mr. Harrison served on active duty in the United States Army from May 1953 to April 1955, spending part of his service in Korea. *Harrison v. Shinseki*, No. 12-0417, 2013 WL 4431104, at *1 (Vet. App. Aug. 19, 2013). In April 2003, he filed a claim for disability benefits with the Veterans Administration (the "VA") for a back injury and diabetes mellitus, both of which he asserted to be connected to his service in the Army. *Id.* The VA regional office ("RO") denied those claims and that decision became final after Mr. Harrison failed to appeal. *Id.*

In 2010, Mr. Harrison sought to reopen those claims and also filed two new disability claims for a "bilateral foot injury due to cold weather exposure" and for "hypertension." *Id.* The RO declined to reopen Mr. Harrison's prior claims because it believed that he failed to submit the required "new and material evidence." *Id.* The RO also rejected Mr. Harrison's new disability claims after concluding that there was "no evidence that the [foot injury and hypertension] were incurred in or caused by service." *Id.* In addition to his disability claims for diabe-

tes, hypertension, and injuries to his back and feet, Mr. Harrison had previously filed a claim for—and was awarded—disability compensation based on service-related post-traumatic stress disorder ("PTSD").

Mr. Harrison timely appealed the RO's rejection of his new claims and refusal to reopen his old ones. In that appeal, Mr. Harrison also argued that he was entitled to total disability based upon individual employability ("TDIU") due to his PTSD. In January 2012, the Board held that Mr. Harrison was entitled to his requested TDIU, but it affirmed the RO's denial of his new disability claims and his request to reopen. Mr. Harrison appealed the adverse decisions of the Board to the Veterans Court, which also affirmed. After the Veterans Court declined his motion for reconsideration, Mr. Harrison filed a timely appeal with us.

## II

Our jurisdiction over appeals from decisions of the Veterans Court is limited. We may review challenges to the validity or interpretation of a statute or regulation relied on by the Veterans Court and may interpret constitutional and statutory provisions "to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except to the extent that an appeal presents a constitutional issue, however, we have no jurisdiction to review a challenge to a "factual determination" or "law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Harrison's arguments on appeal are not well-developed. His primary contention appears to be that the Board and the Veterans Court committed legal error by

not properly applying 38 U.S.C. § 1154(b).[1]  Petitioner's Informal Br. Attach. at 1-2.

Section 1154(b) addresses the evidence necessary for a combat veteran to prove that his alleged disease or injury is service-connected.  In relevant part it provides that, for claims by combat veterans, "the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service."  While the statute "considerably lighten[s]" the "evidentiary burden with respect to service connection" for a combat veteran's alleged disease or injury, it does not "create a statutory presumption" of service connection for all injuries suffered by combat veterans.  *Collette v. Brown*, 82 F.3d 389, 392 (Fed. Cir. 1996).  Thus, even if § 1154(b) applies to a combat veteran, he must still generally show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service."  *Shedden v. Principi*, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); *see also Collette*, 82 F.3d at 392 (holding that a "veteran must meet his evidentiary burden with respect to service connection" even if § 1154(b) applies to his claim).

We conclude that Mr. Harrison's claims here are beyond our jurisdiction.  In regard to his claim for injuries to his feet, the Veterans Court explained that Mr. Harrison

---

[1]  Mr. Harrison also asserts legal error in the application of 38 C.F.R. § 3.304(d).  The relevant language of that enabling regulation simply mirrors that of § 1154(b).  We therefore do not separately discuss its applicability here.

did not challenge the Board's "factual finding" that there was "no evidence of a current disability." *Harrison*, 2013 WL 4431104, at \*2. Indeed, the Board found that there was no evidence of "diagnosis of or treatment for residuals of a cold weather injury" to his feet presently or in the past. Respondent's App. ("R.A.") at 31. As we discussed above, a veteran must show the existence of a present disability to qualify for disability benefits. *See Shedden*, 381 F.3d at 1166-67. Section 1154(b) does not relieve veterans of that burden. The Board's finding that there was no evidence of injury to Mr. Harrison's feet is beyond our jurisdiction. *See* 38 U.S.C. § 7292. We therefore see no grounds to grant Mr. Harrison's request to overturn the rejection of his disability claim based on an alleged injury to his feet.

As for Mr. Harrison's disability claim for hypertension, the Board concluded that it met the threshold requirement of a current diagnosis but that no "competent, credible, and probative" evidence "show[ed] that the currently diagnosed hypertension originated in service or was the result of an injury or disease that was incurred in service." R.A. at 34. The only challenge to that factual finding Mr. Harrison raised on appeal to the Veterans Court was that the Board failed to give proper weight under § 1154(b) to his statement that his hypertension was service-related. However, as the Veterans Court aptly reasoned, Mr. Harrison "does not explain—and it is entirely unclear to the Court—how [his hypertension] is . . . 'consistent with the circumstances, conditions, or hardships' of combat service," as required by § 1154(b). *Harrison*, 2013 WL 4431104, at \*3. Accordingly, the factual disposition of Mr. Harrison's hypertension disability claim is beyond our jurisdiction.

Also beyond our jurisdiction is Mr. Harrison's challenge to the adjudication of his requests to reopen his previously denied claims for a back injury and diabetes. Pursuant to 38 U.S.C. § 5108, a previously-denied claim

shall be reopened if a claimant submits "new and material evidence." We have explained that such evidence is required before a claim can be reopened under § 5108. *Barnett v. Brown*, 83 F.3d 1380, 1384 (Fed. Cir. 1996).

Here, the Board affirmed the RO's rejection of Mr. Harrison's request to reopen because it concluded that Mr. Harrison did not submit the "new and material" evidence required by § 5108. Specifically, the Board found that Mr. Harrison submitted some new evidence but that it was "not material in that it did not address the only element upon which his claim previously had been denied, in-service incurrence or aggravation of a back disability or diabetes mellitus."[2] R.A. at 26-27. The Board also addressed the potential applicability of § 1154(b), but concluded that it did not ultimately apply here because any "assertions" Mr. Harrison made regarding service connection to support reopening his prior claims were merely "cumulative" of those he already made in the prior adjudications of his claims. R.A. at 27. On appeal, the Veterans Court affirmed the Board's decision after holding that the Board did not clearly err in finding that Mr. Harrison had not submitted new and material evidence necessary to reopen his claim.

Our jurisdiction does not extend to the determination of whether evidence submitted by a claimant seeking reopening is "new and material." *See Barnett v. Brown*, 83 F.3d 1380, 1383-84 (Fed. Cir. 1996) (holding that "the question of whether evidence in a particular case is new and material is either a factual determination . . . or the application of law to the facts of a particular case . . . and is, thus, not within this court's appellate jurisdiction") (internal quotation marks omitted); *Spencer v. Brown,* 17 F.3d 368, 374 (Fed. Cir. 1994)) (same). We therefore

---

[2]    Mr. Harrison submitted "VA treatment records, lay statements, and hearing testimony." R.A. at 26.

cannot amend the Board's finding that Mr. Harrison's evidence and statements submitted in support of reopening his prior claims are not new and material.

Mr. Harrison also alleges several other errors in the decisions of the Board and Veterans Court. He summarily asserts that his constitutional rights were violated; that the adjudication of his claim for disability based on PTSD was legally flawed; and that the VA improperly applied the rescinded VA rule that was at the center of the dispute in *NOVA v. Sec'y of Veterans Affairs*, 725 F.3d 1312 (Fed. Cir. 2013). None of those arguments, however, presents a reviewable question on appeal. We do not have jurisdiction to address Mr. Harrison's assertion that his constitutional rights were violated; his true dispute appears to be with the merits of unreviewable factual determinations made by the Board. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack"). And we do not see any basis for Mr. Harrison's challenge to the treatment of his claim for disability based on PTSD—that claim resulted in the grant of TDIU, as he requested. As for the rescinded VA rule that Mr. Harrison believes to have been applied here, there is simply no indication in the record that the Board ever applied it when adjudicating his claims.

## III

After careful review of the record and briefing, we see no other meritorious issues or arguments raised in this appeal.

## DISMISSED

### COSTS

No costs.