Citation Nr: 1532794 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 09-23 046A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Entitlement to service connection for left ear hearing loss. 

2. Entitlement to service connection for tinnitus. 



REPRESENTATION

Appellant represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

G. Jivens-McRae, Counsel



INTRODUCTION

The Veteran served on active duty from February 1966 to February 1968. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision of the Chicago, Illinois, Department of Veterans Appeals (VA) Regional Office (RO), which denied service connection for bilateral hearing loss and tinnitus. 

The case was remanded for further development in May 2012. 

In March 2013, the Board denied service connection for bilateral hearing loss and tinnitus. 

The Veteran appealed the denial of service connection for bilateral hearing loss and tinnitus to the United States Court of Appeals for Veterans Claims (Court). In a March 2014 Joint Motion for Partial Remand, the parties requested that the Court vacate the portion of the Board's decision that denied the claims of service connection for left ear hearing loss and tinnitus. 

In a March 2014 Order, the Court vacated the Board's March 2013 decision of entitlement to service connection for left ear hearing loss and tinnitus and remanded the matter for further consideration and instructions consistent with the March 2014 Joint Motion for Partial Remand. 

The Board remanded the claims in October 2014 for further development. 


FINDINGS OF FACT

1. The evidence is in equipoise as to whether the Veteran's currently manifested left ear hearing loss is related to noise exposure in service. 

2. The Veteran's tinnitus is at least as likely as not due to his left ear hearing loss. 


CONCLUSIONS OF LAW

1. Left ear hearing loss was incurred in active service. 38 U.S.C.A. §§ 1110, 1111, 1112, 1154(a), 5103(a), 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.159, 3.304, 3.307, 3.309, 3.385 (2014). 

2. Tinnitus was incurred in active service. 38 U.S.C.A. §§ 1110, 1112, 1113, 1154, 5103, 5103A, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). In this case, the Board is granting in full the benefits of service connection for left ear hearing loss and tinnitus sought on appeal. Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and need not be further considered. 

Service Connection 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may be established for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004) (citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002); Caluza v. Brown, 7 Vet. App. 498, 505 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996) (table)). 
 
Service connection may be established under the provisions of 38 C.F.R. § 3.303(b) when the evidence, regardless of its date, shows that a veteran had a chronic condition in service or during the applicable presumptive period. In addition, certain chronic diseases, including other organic diseases of the nervous system, such as sensorineural hearing loss and tinnitus, may be presumed to have been incurred or aggravated during service if they become disabling to a compensable degree within one year of separation from active duty. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. 

The threshold for normal hearing is from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). Impaired hearing will be considered to be a disability when auditory threshold in any of the frequencies 500, 1000, 2000, 3000, and 4000 hertz, in ISO units, is 40 decibels or greater; or when the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

In the case of any veteran who has engaged in combat with the enemy during active service in a period of war, VA shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. 38 U.S.C.A. § 1154(b). Service-connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary. Id. 

That section 1154(b) establishes an event and injury during service does not end the matter. The provision does not mean that a grant of service connection is presumed for veterans who were injured in combat. Section 1154(b) can be used only to provide a factual basis upon which a determination could be made that a particular disease or injury was incurred or aggravated in service, not to link the claimed disability etiologically to the current disorder. Caluza v. Brown, 7 Vet. App. 498, 507 (1995); Libertine v. Brown, 9 Vet. App. 521, 523-24 (1996). Section 1154(b) does not establish entitlement to a grant of service connection for a combat veteran; rather, it aids him or her by relaxing the adjudicative evidentiary requirements for determining what happened in service. See Collette v. Brown, 82 F.3d 389, 392 (Fed. Cir. 1996). Even when the section 1154(b) combat presumptions apply, a "veteran seeking compensation must still show the existence of a present disability and that there is a causal relationship between the present disability and the injury incurred during active duty." 

The United States Court of Appeals for the Federal Circuit (Federal Circuit) has rejected the view that competent medical evidence is required when the determinative issue in a claim for benefits involves either medical etiology or a medical diagnosis. Under 38 U.S.C.A. § 1154(a), lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d. 1313 (Fed. Cir. 2009); see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006). 

Finally, in a claim for service connection, the ultimate credibility or weight to be accorded evidence must be determined as a question of fact. The Board determines whether (1) the weight of the evidence supports the claim, or (2) the weight of the "positive" evidence in favor of the claim is in relative balance with the weight of the "negative" evidence against the claim: the appellant prevails in either event. However, if the weight of the evidence is against the veteran's claim, the claim must be denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

In this case, the Veteran claims that hearing loss began in service when he was in an ambush operation involving heavy weaponry. He stated he was standing below the muzzle of a tank when it fired during an ambush. He states he sustained left ear hearing loss and his hearing has not been the same since. 

The Veteran's military occupational specialty was Infantry Assaultman and he was awarded the Presidential Unit Citation and two Purple Hearts for shrapnel wounds he suffered in engagements against enemy forces in Vietnam. It is conceded that he was exposed to acoustic trauma during service. 

The Board initially remanded the instant claim in May 2012 in an effort to schedule the Veteran for a VA audiology examination to determine if it was at least as likely as not that the Veteran had a current hearing loss disability that was caused or aggravated by inservice acoustic trauma experienced while participating in combat operations during the Vietnam War. The examiner was told to address whether any current hearing loss was attributable to inservice noise exposure on the basis of a delayed onset theory of causation. 

The Veteran underwent a VA audiology examination in July 2012. He was noted to have served as a "rocket man and machine gunner", to have been wounded twice, and to have been exposed to gunfire and close range explosions. He denied any occupational or recreational noise exposure The Veteran was determined to have left ear hearing loss and it was found to not have been at least as likely as not caused by or a result of an event in service. The rationale provided by the examiner was that the Veteran had normal hearing documented by his separation examination in 1968. During the July 2012 VA examination, he was diagnosed with tinnitus and the examiner opined that the Veteran's tinnitus was at least as likely as not a symptom associated with the hearing loss, as tinnitus is known to be a symptom associated with hearing loss. Delayed onset causation was not addressed during the examination. 

Service connection was denied in March 2013. The Veteran appealed to the Court, and in a March 2014 Joint Motion for Partial Remand, the parties requested that the Court vacate the portion of the Board's decision that denied the claims of service connection for left ear hearing loss and tinnitus. A March 2014 Order vacated the March 2013 Board decision of entitlement to service connection for left ear hearing loss and tinnitus and remanded the matter for further consideration and instructions consistent with Joint Motion for Remand. These instructions dealt with the July 2012 VA examiner's failure to address delayed onset causation during the examination as a cause for left ear hearing loss. An examination addendum was requested to address this causation on remand. 

As a result of an October 2014 Board remand, the VA Appeals Management Center requested an addendum to a July 2014 VA audiology examination, to address the delayed onset of causation as to the Veteran's left ear hearing loss. 

In a November 2014 addendum to the July 2014 VA audiology examination, the examiner stated according to the consensus report from the Institute of Medicine, titled "Noise and Military Service: Implications for Hearing Loss and Tinnitus" (2006), "there is not sufficient evidence from longitudinal studies in laboratory animals or humans for concluding that permanent noise induced hearing loss can develop much later in one's lifetime, long after cessation of the noise exposure. Although the definitive studies to address this issue have not been performed, based on the anatomical and physiological data available on the recovery process following noise exposure, it is unlikely that such delayed effects occur. There is no evidence on which to conclude that the Veteran's current hearing loss, in the right or left ears, was caused by or as a result of the Veteran's military service, including noise exposure."

In a March 2015 VA Form 646, the Veteran's representative submitted a study from the Better Hearing Institute that indicated, in pertinent part, that hearing loss sometimes develops gradually so that people may lose a significant amount of hearing before becoming aware of its presence. 

The addendum to the July 2014 VA audiology examination and the March 2015 submission by the VA representative reflect conflicting conclusions. However, as the November 2014 addendum states that there is not sufficient evidence to conclude that permanent noise induced hearing loss can develop much later in one's lifetime long after cessation of the noise exposure, the information presented by the Veteran's representative states that one may lose a significant amount of hearing before becoming aware of its presence. Neither of these reports is more probative to the issue of the onset of hearing loss than the other. 

The Boards finds sufficient evidence of current left ear hearing loss for VA purposes. Such was clearly established on the July 2014 VA audiology examination. There is also evidence of noise exposure in service. The Veteran's DD Form 214, and his statements on behalf of his claim, support this finding. 38 U.S.C.A. § 1154(a) (West 2014). It is true that hearing loss was not demonstrated by medical evidence in service. However, as indicated, the fact remains that he did have significant noise exposure in service, which amounts to an in-service injury/event. Shedden elements (1) and (2) are thereby met. 
 
As for crucial element (3) of the Shedden analysis, a medical nexus, there are conflicting opinions. These include the medical study presented in the November 2014 addendum and the medical information presented in March 2015 by the Veteran's representative. The Board finds neither study more probative than the other. However, the Veteran, who was engaged in combat, is clearly competent to state that he experienced hearing loss in service, and that he continues to experience the residuals thereof. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). He stated a specific event wherein he lost his left ear hearing and stated that it had not been the same since that time. Although left ear hearing loss was not attributed to an event in service while he was in service, there is evidence of the Veteran's exposure to acoustic trauma in combat as is evidenced by his awards of Purple Hearts in service. It is also crucial to note that the Court has long-held that although a hearing loss disability is not established at separation from service, it may be established later "by submitting evidence that the current disability is causally related to service." See Hensley v. Brown, 5 Vet. App. 155, 160 (1993). 
Thus, despite the lack of medical evidence of hearing loss at separation from service, based on the Veteran's present left ear hearing loss, his exposure to excessive noise in service, his statements as to the occurrence of his hearing loss, and the fact that medical evidence that was presented on both sides showed conflicting views and one was no more probative than the other, the evidence is in equipoise and reasonable doubt is resolved in the Veteran's favor. Therefore, the Board finds that a grant of service connection for left ear hearing loss is warranted. 

As to the Veteran's claim for service connection for tinnitus, the Board has determined that service connection for left ear hearing loss is warranted. The July 2012 VA audiology examination report, stated that the Veteran's tinnitus is at least as likely as not a symptom associated with the Veteran's left ear hearing loss, as tinnitus is known to be a symptom associated with hearing loss. As it has been determined that the Veteran's left ear hearing loss is the result of his active service, and his tinnitus has been medically found to be a symptom of his left ear hearing loss, service connection is warranted for tinnitus. 


ORDER

Service connection for left ear hearing loss is granted. 

Service connection for tinnitus is granted. 



____________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs