Citation Nr: 1730431 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 12-23 274 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to service connection for skin cancer (squamous cell carcinoma of the skin) to include as a result of exposure to herbicides.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

C. L. Krasinski, Counsel


INTRODUCTION

The Veteran served on active duty from October 1964 to September 1991. He received the Combat Action Ribbon. He died in June 2012. The appellant is the Veteran's surviving spouse. She has been substituted for the Veteran (VBMS, 7/18/12).

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). A notice of disagreement was received in August 2010; a statement of the case was issued in May 2012; and a substantive appeal was received in July 2012. 

In her substantive appeal, the appellant requested a hearing. However, she withdrew that request by way of a May 2016 correspondence. 

The Veteran/appellant also appealed the issues of entitlement to service connection for a bilateral hip disability and degenerative disc disease of the cervical spine. The RO granted service connection for each of these disabilities by way of a May 2012 rating decision. The granting of service connection constitutes a complete grant of the claims. Consequently, the issues are not before the Board.

The issue of entitlement to service connection for the cause of the Veteran's death was raised by the appellant in a VA 21-534 received by VA in June 2013, but it has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016). 

In January 2017, this matter was remanded to the AOJ for additional development. The Board is satisfied that there has been substantial compliance with the remand directives and will proceed with review. See Stegall v. West, 11 Vet. App. 268 (1998).


FINDINGS OF FACT

1. The Veteran served in the Republic of Vietnam during the Vietnam era and engaged in combat with the enemy. 

2. The Veteran's squamous cell carcinoma did not originate in service or until years thereafter, and is not otherwise etiologically related to an injury, disease, or other event in active service to include exposure to herbicides. 


CONCLUSION OF LAW

The criteria for service connection for squamous cell carcinoma are not met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1131, 1154, 5103, 5103A, 5107, 5121A (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

1. Duty to Notify and Duty to Assist

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159. VA has met its duty to notify for the claim. The RO provided notice letters to the Veteran in July 2010, March 2011, and August 2011. The letters informed the Veteran of what evidence was required to substantiate the claim and of his and VA's respective duties for obtaining evidence. 

The Board finds that all relevant evidence has been obtained with regard to the claim and that the duty to assist requirements have been satisfied. Service treatment records are associated with the file. VA treatment records are associated with the claims file. The Board has reviewed the Veteran's and the appellant's statements and medical evidence of record and concludes that there is no outstanding evidence with respect to the claim. 

VA obtained a medical opinion as to the etiology of the squamous cell carcinoma in February 2017. The Board finds that the VA medical opinion is adequate for adjudication purposes. The medical professional based the opinion on a review of claims file and the Veteran's medical history, and review of pertinent medical research and literature. The Board finds that for these reasons the VA opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). 

The appellants representative argues that the VA medical opinion is not adequate because the VA physician did not render a medical opinion as to the etiology of the Veteran's squamous cell carcinoma of the skin and whether the squamous cell carcinoma was related to the Veteran's period of service. The Board notes that the VA medical opinion sets forth the known risk factors for skin cancer and it is clear from the medical conclusion that the VA physician considered whether the squamous cell carcinoma was related to the Veteran's 27 years of active service and the VA physician concluded that the squamous cell carcinoma was not related to service. The Board finds that the VA opinion is adequate, and VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). 

The duties to notify and assist have been met. No further notice or assistance is required in this appeal. 

2. Service Connection: Legal Authority

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996).

Malignant tumor is listed among the "chronic diseases" under 38 C.F.R. § 3.309(a). Where the evidence shows a "chronic disease" in service or "continuity of symptoms" after service, the disease shall be presumed to have been incurred in service. For the showing of "chronic" disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a disease noted during service is not shown to be chronic, then generally, a showing of "continuity of symptoms" after service is required for service connection. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Additionally, where a veteran served ninety days or more of active service, and certain chronic diseases become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id. 

In the case of any veteran who engaged in combat with the enemy in active service and during a period of war, VA shall accept as sufficient proof of service connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. Service connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary. 38 U.S.C.A. § 1154(b) (West 2014); 38 C.F.R. § 3.304 (2015). 

Section 1154(b) can be used only to provide a factual basis upon which a determination could be made that a particular disease or injury was incurred or aggravated in service, not to link the claimed disorder etiologically to the current disorder. See Libertine v. Brown, 9 Vet. App. 521, 522-23 (1996). Section 1154(b) does not establish service connection for a combat veteran; it aids him by relaxing the adjudicative evidentiary requirements for determining what happened in service. A veteran must still establish his claim by competent medical evidence tending to show a current disability and a nexus between that disability and those service events. See Gregory v. Brown, 8 Vet. App. 563, 567 (1996); see also Kessel v. West, 13 Vet. App. 9, 17-19 (1999).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the veteran. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), it was observed that "a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

3. Service Connection: Initial Matters 

Initially, the Board finds that the Veteran was a combat veteran and is entitled to the application of 38 U.S.C.A. § 1154 (b). Service records show that the Veteran was awarded a Combat Action Ribbon for his service in Vietnam. 
 
Section 1154 (b) does not create a statutory presumption that a combat veteran's alleged disease or injury is service connected. Collette v. Brown, 82 F.3d 389, 392 (Fed. Cir. 1996). Rather, it aids the combat veteran by relaxing the adjudicative evidentiary requirements for determining what happened in service. Id. 
 
Section 1154 (b) addresses the combat veteran's ability to allege that an event occurred in service while engaging in combat. See Beausoleil v. Brown, 8 Vet. App. 459, 464 (1996). That section, however, does not address the questions of either current disability or nexus to service, both of which competent medical evidence is generally required. Id. citing Caluza v. Brown, 7 Vet. App. 498, 507 (1995). In the present case, the Veteran did not specifically allege that the squamous cell carcinoma actually began while he was engaging in combat with the enemy. The Veteran and his representative have generally asserted that this disorder may be due to exposure to herbicides in Vietnam. This contention is discussed below, and the Board will consider the conditions and circumstances of the Veteran's service when adjudicating the service connection claim. 

The evidence of record shows that the Veteran served in the Republic of Vietnam during the Vietnam era. He is therefore presumed to have been exposed to herbicide agents. 38 U.S.C.A. § 1116(f).

3. Service Connection for Squamous Cell Carcinoma 

The appellant claims that the Veteran's skin cancer was due to exposure to Agent Orange. The service treatment records reflect that the Veteran had service in Vietnam. Consequently, he is presumed to have been exposed to Agent Orange. 

Based upon a review of all the lay and medical evidence, the Board finds the weight of the competent and credible evidence shows that the squamous cell carcinoma first manifested many years after service separation and is not related to injury or event in active service.

The claim of service connection for squamous cell carcinoma on a presumptive basis as due to Agent Orange exposure must fail because the herbicide presumption set forth in 38 U.S.C.A. § 1116 and 38 C.F.R. § 3.307 does not apply. Squamous cell carcinoma is not included in the list of enumerated disabilities that are presumed due to herbicide exposure that are listed under 38 C.F.R. § 3.309(e). However, the Veteran may still establish service connection for this disability as due to herbicide exposure with proof of direct causation. See Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994); see also Stefl v. Nicholson, 21 Vet. App. 120 (2007).

Service treatment records do not documents complaints or diagnosis of squamous cell carcinoma. See the service examination reports dated in September 1964 (enlistment exam), April 1965, October 1965, May 1966, May 1968, January 1971, January 1973, November 1973, December 1974, January 1976, January 1978, January 1980, December 1980, December 1982, November 1984, December 1987, January 1989, December 1989, and January 1991 (retirement examination). The Veteran separated from active service in September 1991. 

Post-service treatment records show a diagnosis of skin cancer in March 1999 and July 1999, almost eight years after service separation. See the VA Medical Center Long Beach treatment records dated in March 1999 which show a diagnosis of atypical squamous proliferation and June 1999 which show squamous cell carcinoma arising in an actinic keratosis. 

There is no competent evidence of record showing a diagnosis of squamous cell within one year of service separation. Thus, presumptive service connection for squamous cell carcinoma pursuant to 38 C.F.R. § 3.307(a) is not warranted. 

With respect to negative evidence, the fact that there were no records of any complaints, treatment, or diagnosis of squamous cell carcinoma for almost eight years after service separation weighs against the claim. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (A prolonged period without medical complaint can be considered, along with other factors concerning a claimant's health and medical treatment during and after military service, as evidence of whether an injury or a disease was incurred in service which resulted in any chronic or persistent disability). Thus, the lack of any evidence of squamous cell carcinoma symptoms or findings for almost eight years between the period of active service and manifestation of the carcinoma is itself evidence which tends to show that this disease did not have its onset in service or for years thereafter.

The Board also finds that the weight of the competent and credible evidence shows that the Veteran did not experience chronic and continuous symptoms of squamous cell carcinoma either during active service or continuously since service separation. There is no lay or medical evidence which establishes continuity of symptomatology. As noted, the medical evidence of record shows that the squamous cell carcinoma was first detected in 1999. 

The Board finds that the weight of the competent and credible evidence establishes that the squamous cell carcinoma first manifested many years after service separation and is not related to injury or other event in active service. There is no lay or medical evidence that establishes nexus to active service. There is no competent and credible evidence which associates the squamous cell carcinoma to active service to include exposure to herbicides in active service. 

VA obtained a medical opinion as to the etiology of the squamous cell carcinoma in February 2017. The VA physician reviewed the claims file and noted that the Veteran served in the Marine Corps from October 5, 1964 to September 30, 1991, and he passed away on in June 2012. The cause of death was carcinomatosis due to pancreatic cancer which had been diagnosed one year earlier. The VA physician opined that it was less likely than not (less than 50 percent probability) that the skin cancer was incurred in or caused by an in-service injury, event or illness. 

The VA physician stated: 

"skin cancer is the most common cancer in humans. Skin cancer typically arises years after sun exposure on areas such as the face, neck, and arms as well as the trunk and lower legs in persons who spend considerable time outdoors while wearing shorts and/or with their shirts off. Although UV radiation from many sources - sun exposure, tanning beds, therapeutic exposure as for psoriasis, and photosensitizing drugs - is by far the most common risk factor, chronic arsenic exposure, skin damaged by ionizing radiation (nuclear plants, bombs,) and immunosuppression are risks in patients with these exposures. The most common form of non-melanotic skin cancer (NMSC) is basal cell (BCC,) accounting for 80% of NMSC. BCC is particularly common in Caucasians who live in the Hawaii and the US Southwest (including California,) is 100 x more common in persons aged 55 to 77 than in persons <20 y.o., and tends to be recurrent (40% of persons with an initial BCC will have another within 5 years of the original BCC.) BCC is rarely invasive (<5%) and, despite its high incidence, rarely, if ever, is the cause of death. (UpToDate.) Squamous cell skin cancers (SCC) also occur particularly in area where there is actinic damage and/or ongoing inflammation from ulcers or other breaks in the skin. Herbicide orange and dioxins have not been shown to be risks for either BCC or SCC." 

The VA physician indicated that the Veteran had the classic risks described above for basal cell cancer and squamous cell skin cancers: he was Caucasian, had significant sun exposures, and was 56 years old when skin cancer was diagnosed in 1999. He had mainly basal cell cancer (both nodular and other) and a few squamous cell skin cancers as well. The VA physician noted that these were all treated appropriately - i.e. if/when a shave biopsy was not clear at the base, excision was done. There is no evidence in the record that either the basal cell cancer or squamous cell skin cancers were invasive. The VA physician concluded that based on the evidence available in the file and medical knowledge, the Veteran's basal cell cancer and squamous cell skin cancers were less likely as not (< 50 percent probability) incurred during and/or due to service in Vietnam or otherwise related to his 27 years of active duty from 1964 to 1991. 

The Board finds the VA medical opinion dated in February 2017 to be highly probative. The VA physician reviewed the claims file and the Veteran's medical history and the post service records showing diagnosis of the squamous cell carcinoma. The VA physician considered medical research. The Board finds that the opinion is based upon sufficient facts and data and this opinion is probative. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

The Veteran, the appellant and the representative have made general assertions that the squamous cell carcinoma is related to active service to include exposure to herbicides. However, the Board cannot rely on lay assertions as to medical nexus to service because lay persons are not shown to possess the type of medical expertise that would be necessary to opine regarding the etiology of squamous cell carcinoma. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). The evidence does not establish that the Veteran, the appellant, or the representative have medical or scientific training or expertise. Moreover, the Veteran, the appellant, and the representative have not produced a medical opinion in support of the claim and their assertions. 

In conclusion, the Board finds the weight of the competent and credible evidence shows that the squamous cell carcinoma did not manifest in service, first manifested many years after active service and is not related to active service. Thus, the Board finds that a preponderance of the lay and medical evidence that is of record weighs against the claim for service connection for squamous cell carcinoma, and the claim for service connection is denied. 


ORDER

Service connection for squamous cell carcinoma is denied. 




____________________________________________
Thomas H. O'Shay
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs